UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. LIBERTY,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA,<br><br>        Defendant. | Case No. 16-cv-00022-TEH<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

On Saturday, January 16, 2016, at approximately 7:00 PM, Louis Liberty filed a motion for a temporary restraining order ("TRO"), seeking to enjoin further proceedings before the State Bar Court. He sought to prevent the State Bar Court from holding a status conference on Tuesday, January 19, at 9:30 AM. That time has now passed, and the motion is therefore partially moot.

To the extent that the motion is not moot, Liberty has failed to establish any of the factors a court must consider when weighing a motion for a TRO: likelihood of success on the merits; likelihood of suffering irreparable harm; whether the balance of equities tips in the moving party's favor; and whether the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth standard for preliminary injunction); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."). Liberty's motion addresses only the second factor – irreparable harm – but cites no authority for finding such harm in this case. Liberty contends that he faces a "Hobson's choice" absent injunctive relief, Mot. at 5, but this characterization is based on the incorrect assumption that he will be estopped from opposing remand in this case if he appears in any matters before the State Bar Court.

1    In addition, while the general removal statute provides that filing a notice of
2 removal with the clerk of the state court from which a "civil action" is removed "shall
3 effect the removal and the State court shall proceed no further unless and until the case is
4 remanded," 28 U.S.C. § 1446(d), the Court previously explained that this case does not
5 qualify as a "civil action" under the removal statutes. Jan. 13, 2016 Order to Show Cause
6 re: Jurisdiction at 1 ("In addition, 'proceedings before the State Bar are Sui generis, neither
7 civil nor criminal in character,' *Yokozeki v. State Bar*, 11 Cal. 3d 436, 447 (1974), so they
8 are not removable under 28 U.S.C. § 1441, which provides for removal of civil actions
9 only. *E.g., Supreme Ct. of Cal. v. Kinney*, No. 3:15-cv-01552 LB, 2015 WL 3413232, at
10 *5 (N.D. Cal. May 27, 2015); *Wolfgram v. State Bar of Cal.*, No. C-94-3064 CAL, 1994
11 WL 721465, at *1 (N.D. Cal. Dec. 8, 1994)."). Thus, § 1446(d) does not, on its face, bar
12 the State Bar Court from conducting further proceedings.

13    For all of the above reasons, Liberty's motion for a TRO is DENIED.

15 **IT IS SO ORDERED.**

17 Dated:   01/19/16                              _____
18                                                THELTON E. HENDERSON
                                                  United States District Judge